# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**LALO ALARCON,**

    **Plaintiff,**

v.                                       **No. 21-cv-0411 SMV**

**KILOLO KIJAKAZI,[1]**
**Acting Commissioner of the Social Security Administration,**

    **Defendant.**

## <u>MEMORANDUM OPINION AND ORDER</u>

THIS MATTER is before the Court on Plaintiff's Motion to Reverse and Remand for a Rehearing with Supporting Memorandum [Doc. 20] filed on December 2, 2021. The Commissioner responded on March 2, 2022. [Doc. 24]. Plaintiff replied on March 16, 2022. [Doc. 25]. The parties have consented to this Court entering final judgment in this case. [Doc. 8]. Having meticulously reviewed the entire record and being fully advised in the premises, the Court finds that the administrative law judge ("ALJ") failed to apply the correct legal standard in weighing the medical source opinion of Dr. Tafoya. Further, the ALJ failed to apply the proper legal standard in assessing no restriction in Plaintiff's ability to handle. Accordingly, remand is warranted. The Court declines to pass on Plaintiff's other challenges at this time. The Motion will be granted, and the case will be remanded for further proceedings. *See* 42 U.S.C. § 405(g) (sentence four) (2018).

---

[1] Kilolo Kijakazi is the current Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi should be substituted for Commissioner Andrew Saul as the Defendant in this suit. No further action needs to be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g) (2012).

## Standard of Review

The standard of review in a Social Security appeal is whether the Commissioner's final decision[2] is supported by substantial evidence and whether the correct legal standards were applied. *Maes v. Astrue*, 522 F.3d 1093, 1096 (10th Cir. 2008). If substantial evidence supports the Commissioner's findings and the correct legal standards were applied, the Commissioner's decision stands and the plaintiff is not entitled to relief. *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004). Courts must meticulously review the entire record, but may neither reweigh the evidence nor substitute their judgment for that of the Commissioner. *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007).

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Langley*, 373 F.3d at 1118. The decision "is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Id.* While a court may not reweigh the evidence or try the issues de novo, its examination of the record as a whole must include "anything that may undercut or detract from the [Commissioner]'s findings in order to determine if the substantiality test has been met." *Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005). "The possibility of drawing two inconsistent conclusions from the evidence does not prevent [the] findings from being supported by substantial evidence." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citing *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

---

[2] A court's review is limited to the Commissioner's final decision, 42 U.S.C. § 405(g), which generally is the ALJ's decision, 20 C.F.R. § 404.981. This case fits the general framework, and therefore, the Court reviews the ALJ's decision as the Commissioner's final decision.

"The failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (quotation marks omitted).

## Applicable Law and Sequential Evaluation Process

In order to qualify for disability benefits, a claimant must establish that she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. §§ 423(d)(1)(A) (2018); 20 C.F.R. § 404.1505(a) (2012).

When considering a disability application, the Commissioner is required to use a five-step sequential evaluation process.  20 C.F.R. § 404.1520; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). At the first four steps of the evaluation process, the claimant must show: (1) she is not engaged in "substantial gainful activity"; *and* (2) she has a "severe medically determinable . . . impairment . . . or a combination of impairments" that has lasted or is expected to last for at least one year; *and* (3) her impairment(s) either meet or equal one of the "Listings"[3] of presumptively disabling impairments; *or* (4) she is unable to perform her "past relevant work."   20 C.F.R. § 404.1520(a)(4)(i–iv); *Grogan*, 399 F.3d at 1261.  If she cannot show that her impairment meets or equals a Listing, but she proves that she is unable to perform her "past relevant work," the burden of proof then shifts to the Commissioner, at step five, to show that the claimant is able to perform other work in the national economy, considering her residual functional capacity ("RFC"), age, education, and work experience.  *Grogan*, 399 F.3d at 1261.

---

[3] 20 § C.F.R. pt. 404, subpt. P, app. 1.

## Procedural Background

Plaintiff applied for a period of disability and disability insurance benefits on November 5, 2018. Tr. 186. He alleged a disability-onset date of October 26, 2018. *Id.* His claims were denied initially and on reconsideration. Tr. 99, 106. ALJ Robert M. McPhail held a hearing on July 14, 2020. Tr. 15–39. He issued the first unfavorable decision on October 21, 2020. Tr. 74–96. On March 15, 2021, the Appeals Council denied review, rendering the ALJ's unfavorable decision the final decision of the Commissioner. Tr. 1–3.

Plaintiff was born in 1966, completed high school, and worked as a security guard at New Mexico Behavioral Health Institute for thirty years. Tr. 18–19, 346. At the hearing, Plaintiff testified that he suffered from diabetic neuropathy of the hands and feet. Tr. 20, 21. He stated that the neuropathy particularly "hits [him] hard" on his fingers and hands and extends to the elbow. Tr. 21, 22. Due to difficulty with his hands, Plaintiff's friend assists him by doing activities that require use of hands. Tr. 21. Plaintiff also testified as to the day-to-day effect of his hand neuropathy. Tr. 22. Notably, he wears slip-on shoes instead of shoes with laces because he can no longer tie his shoes. *Id.* He has further resorted to wearing "warm-up" style clothing because he struggles with clothing that requires zipping and buttoning. *Id.* Moreover, Plaintiff reports that the diminished use of his hands from neuropathy has necessitated his using two hands to hold cups for "a couple years." Tr. 22–23. Similarly, small objects "tend to slip from [his] hands" Tr. 23. He retired early due to his health issues. Tr. 346.

The ALJ found that Plaintiff met the insured status requirements of the Social Security Act through December 31, 2023. Tr. 79. At step one, he found that Plaintiff had not engaged in substantial gainful activity since October 26, 2018. *Id.* At step two, the ALJ found that Plaintiff

suffered from the following severe impairments: diabetes mellitus with peripheral neuropathy, degenerative joint disease of the right shoulder, and depression. *Id.* The ALJ found the following impairments were not severe: carpal tunnel syndrome and hypertension. Tr. 80.

At step three, the ALJ determined that none of Plaintiff's impairments, alone or in combination, met or medically equaled a Listing. *Id.* Because none of Plaintiff's impairments met or medically equaled a Listing, the ALJ went on to assess Plaintiff's RFC. Tr. 82–89. The ALJ found that Plaintiff could perform a limited range of light semi-skilled work. Tr. 82. Specifically, he found in relevant part that Plaintiff:

> has the [RFC] to perform light work as defined in 20 [C.F.R. §] 404.1567(b) except [he] is further functionally restricted in that he is limited to frequent feeling and occasional fingering with bilateral upper extremities, but he is unlimited with regard to handling; he is further limited to only occasional overhead reaching with the bilateral upper extremities.

Tr. 82.

At step four, the ALJ found that Plaintiff was unable to perform his past relevant work as a security guard. Tr. 89. Accordingly, the ALJ went on to consider Plaintiff's RFC, age, education, work experience, and the testimony of the vocational expert ("VE") at step five. Tr. 89–91. He found that Plaintiff could perform work that exists in significant numbers in the national economy, and, therefore, was not disabled. *Id.* Ultimately, the ALJ determined that Plaintiff had not been under a disability as defined by the Social Security Act and denied Plaintiff's claim. Tr. 91. After the Appeals Council denied review, Plaintiff timely filed the instant action on May 3, 2021 [Doc. 1].

**Analysis**

Plaintiff filed his application for benefits on November 5, 2018. Tr. 186. Thus, the revised regulations for medical opinions and prior administrative medical findings apply to this case. *See Klein v. Kijakazi*, No. 1:20-CV-01199-LF, 22 WL 2827582, at *4 (D.N.M. July 20, 2022) (citing Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844 (Jan. 18, 2017)). These revised regulations provide that the Social Security Administration ("SSA") "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the claimant's] medical sources." 20 C.F.R. § 404.1520c(a).

Instead, the new regulation sets forth five factors an ALJ must consider in evaluating medical opinions and prior administrative findings: (1) supportability, (2) consistency, (3) relationship with the claimant, (4) specialization, and (5) other factors. 20 C.F.R. § 404.1520c(c). The ALJ is generally only required to articulate his consideration of the supportability and consistency factors. 20 C.F.R. § 404.1520c(b)(2). Supportability considers "the more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) . . . the more persuasive the medical opinion(s) . . . will be." 20 C.F.R. § 404.1520c(c)(1).  Consistency assesses "the more consistent a medical opinion(s) . . . is with the evidence from other medical sources and nonmental sources in the claim, the more persuasive the medical opinion(s) . . . will be." 20 C.F.R. § 404.1520c(c)(2). Despite these new regulations, the standard of review remains whether the ALJ's decision complies with the regulations and is supported by substantial evidence. *Klein*, No. 1:20-CV-01199-LF, at *5 (citing *Zhu v. Comm'r, SSA*, No. 20-3180, 2021 WL 2794533, at *6 (10th Cir. 2021)). "A decision is not

based on substantial evidence if it is overwhelmed by other evidence in the record or constitutes a mere conclusion." *Id.* at \*4 (citing *Langley v. Barnhart*, 373 F.3d at 1116, 1118 (10th Cir. 2004); *Musgrave v. Sullivan*, 966 F.2d at 1371, 1374 (10th Cir. 1992) (internal quotations omitted).

## Handling

Plaintiff makes several arguments for reversing and remanding the case. *See generally* [Doc. 20]. For the reasons discussed below, the Court finds that the ALJ committed legal error by failing to explain why he rejected Dr. Tafoya's opinion that Plaintiff is limited to occasional handling. *See* Tr. 82, 87, 378. The Court remands on this basis and will not address the other alleged errors, which "may be affected by the ALJ's treatment of this case on remand." *See Klein*, 1:20-CV-01199-LF, at \*3 (citing *Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003)).

The ALJ erred in rejecting treating physician Jesus Tafoya M.D.'s Medical Source Statement opinion as to handling without sufficient explanation. Dr. Tafoya's opinion limited Plaintiff's ability to handle. Tr. 378. Dr. Tafoya opined that Plaintiff could only "occasionally" use his hands for both fine and gross manipulations. Tr. 378. SSR 85-15 defines "handling" as "seizing, holding, grasping, turning or otherwise working primarily with the whole hand or hands" and "fingering" as "involves picking, pinching, or otherwise working primarily with the fingers." SSR 85-15(c), 1985 WL 56857, at \*7. Courts have equated "gross manipulation" with "handling" and similarly "fine manipulation" with "fingering."[4] In other words, Dr. Tafoya believed Plaintiff could handle only occasionally.

---

[4] *See, e.g.*, *K.N. v. Kijakazi,* No. 20-2653-DDC, 2022 WL 767272, at n.4 (D. Kan. Mar. 14, 2022); *Montoya v. Berryhill*, No. CV 16-1089 SCY, 2018 WL 1580296, at \*1 (D.N.M. Mar. 28, 2018); *Walling v. Berryhill*, 370 F. Supp. 3d 1306, 1310 (W.D. Okla. 2019); *Fitz v. Colvin*, No. EDCV 12-1806-OP, 2013 WL 4761149, at \*2 (C.D. Cal. Sept. 4, 2013); *Hanna v. Astrue*, 395 F. App'x 634, 635 (11th Cir. 2010); *Greenwood v. Barnhart*, 433 F. Supp. 2d 915, 926–27 (N.D. Ill. 2006).

The ALJ rejected Dr. Tafoya's opinion on handling, but for reasons unrelated to handling. The ALJ ultimately concluded that Dr. Tafoya's statements were "not persuasive overall as they [were] internally inconsistent." TR. 87.   An ALJ is required to consider and articulate the supportability and consistency factors in the decision. 20 C.F.R. § 404.1520c(b)(2). Here, the ALJ did not discuss the supportability or the consistency of Dr. Tafoya's opinion on handling. Rather, the ALJ merely rejected Dr. Tafoya's opinion as "internally inconsistent" because "*it seems* that a person who could occasionally lift over 20 pounds could lift lesser amounts of weight more often." Tr. 87 (emphasis added). However, the ALJ provided no evidentiary support or further analysis to connect this proposition to the required consistency and supportability factors.

The ALJ's second reason for rejecting Dr. Tafoya's opinion is also unrelated to handling: "Dr. Tafoya gave no reasons for the basis of his opinions other than the claimant's peripheral neuropathy in the hands and feet (Ex. 8F/1)—which does not adequately explain the basis for his opinions pertaining to the extent of the claimant's *mental limitations*." Tr. 87-88 (emphasis added). The ALJ's reasons for rejecting Dr. Tafoya's opinion fail to address or reconcile the conflicting handling findings in the RFC and in Dr. Tafoya's opinion. The ALJ did not discuss the supportability or consistency of Dr. Tafoya's handling limitation, and thus remand is required.

Plaintiff further posits that the ALJ's failure to explain his unlimited handling finding is harmful considering that all three jobs at step five require handling. [Doc. 20] p. 25. Garment sorter, laundry classifier, and agricultural sorter all require *frequent* handling. Tr. 9; *Id.* (citing the "Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles" ("SCO"), U.S. Dep't of Labor 1993, at p. 37, 203) (emphasis added). Defendant does not

directly address this point, apparently conceding it.  [Doc. 24] p. 20; *See Benson v. Saul,* No. 19-CV-0457 SMV, 2020 WL 3448046, at \*5 (D.N.M. June 24, 2020) (citing D.N.M.LR-Civ. 7.1(b)).

<u>Conclusion</u>

For the reasons discussed above, the ALJ's error relating to Plaintiff's handling ability is not harmless because a reasonable adjudicator, applying the correct legal standards, could have found Dr. Tafoya's limited handling opinion persuasive. *See Allen v. Barnhart*, 357 F.3d 1140, 1145 (10th Cir. 2004). Remand is necessary for re-evaluation of Dr. Tafoya's opinion.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff's Motion to Reverse and Remand for a Rehearing [Doc. 20] be **GRANTED**. The Commissioner's final decision is reversed, and this case is remanded for further proceedings in accordance with this opinion. *See* § 405(g) (sentence four).

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**
**Presiding by Consent**